**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | |
|---|---|
| **WATER COUNTY WATER DISTRICT; BUTLER COUNTY WATER SYSTEMS, INC. and SIMPSON COUNTY WATER DISTRICT** | ) |
| **PLAINTIFFS** | )**CIVIL ACTION NO. 1:24cv-00109-GNS-HBB** |
| **v.** | )**CHIEF JUDGE GREG N. STIVERS** |
| **BADGER METER, INC.** | ) |
| **DEFENDANT** | ) |

## FIRST AMENDED VERIFIED COMPLAINT

The Plaintiffs, acting by and through their authorized General Manager for their cause of action against the Defendant, state as follows:

## JURISIDICTIONAL FACTS

1. The Plaintiff, Warren County Water District (hereinafter "WCWD"), is a public utility organized under the laws of the Commonwealth of Kentucky pursuant to KRS Chapter 74.010 (water district) and is acting herein by and through its General Manager, Jacob Cuarta, 523 U.S. 31 W Bypass, Bowling Green, Kentucky 42101.

2. The Plaintiff, Butler County Water Systems, Inc. (hereinafter "BCWS"), 1118 S. Main Street #1, Morgantown, Kentucky 42261 is a public utility organized under the laws of KRS Chapter 273 (non-profit association) and acting by and through its General Manager, Jacob Cuarta, 1118 S. Main Street #1, Morgantown, Kentucky.

3. The Plaintiff, Simpson County Water District (hereinafter "SCWD"), 108 Morgantown Road, Franklin, Kentucky 42134 is a public utility organized under the laws of KRS Chapter 74.010 (water district) and acting by and through its General Manager, Jacob Cuarta, 108 Morgantown Road, Franklin, Kentucky 42134.

4. The Defendant, Badger Meter, Inc., 4545 W Brown Deer Road, PO Box 245036, Milwaukee, Wisconsin 53224-9536 (hereinafter "Badger"). At all times mentioned herein, Badger was doing business in the Commonwealth of Kentucky and was subject to the jurisdiction of this Court. Its agent for service of process is Corporation Service Company.

5. Based upon the transactions and occurrences alleged herein, venue for this action is proper in the United States District Court for the Western District of Kentucky.

## CAUSE OF ACTION

6. Beginning on or about the 7th day of May, 2013, the Plaintiffs, WCWD, BCWS, and SCWD contracted with Badger for the purchase of certain 5/8-inch water meters (hereinafter "water meters") for use in the residential water service provided by the Plaintiffs. The sale of meters were as follows:

| YEAR PURCHASED | QUANTITY | SUBTOTAL |
|---|---|---|
| 2013 | 3,002 | |
| 2014 | 3,410 | |
| 2015 | 4,975 | 11,387 |
| 2016 | 2,863 | |
| 2017 | 2,064 | |
| 2018 | 2,847 | |
| 2019 | 1,887 | |
| 2020 | 1,429 | |
| 2021 | 2,405 | |
| 2022 | 2,348 | |
| 2023 | 475 | |
| TOTAL | | 27,705 |

7. Pursuant to the contract and sale of goods by Badger, Badger warranted to the Plaintiffs that the subject water meters sold by Badger to the Plaintiffs were properly designed and manufactured to the specifications of the American Water Works Association (AWWA) and were, further, free from defects in its design and manufacture.

**8.** In addition to the warranties described herein, the Defendant Badger extended a written warranty to the Plaintiffs that the water meters sold by Badger to the Plaintiffs would meet the specifications of the AWWA as it pertained to meter accuracy for a period of 15-years. **(See Exhibit A)**

9. Beginning on the 14th day of March, 2023, the Plaintiffs during its routine testing of its water meters began to detect that the Badger water meters described herein were inaccurately reporting the quantity of water which was passing through the Badger water meters. 21.8% of the subject Badger meters sold were inaccurately reporting the quantity of water passing through the Badger meters.

10. The Plaintiffs provided notice to Badger of the water meter malfunction and breach of warranty resulting from apparent manufacturing defects. The Plaintiff also promptly provided an opportunity for testing by Badger.

11. Notwithstanding the fact that each of the Plaintiffs has a separate water source for its potable water, Badger contended that its meters were failing to perform due to chemicals and minerals found in the water.

12. Because of the carelessness and negligence of the Defendant Badger, the aforesaid water meters contained a defect, and the Defendant Badger knew or should have known through the exercise of ordinary care, that said defect existed; that, as the direct and proximate result of such negligence, the Plaintiffs were damaged as hereinafter set out. Despite the fact that the

Defendant Badger knew of the product defects, it failed to notify or otherwise intentionally failed to disclose the product defects. The acts of the Defendant Badger compounded the damages resulting from their conduct, intentional and negligent, same representing a continuing violation of Badger's duty of good faith disclosure.

## DAMAGES

13. As a direct and proximate result of the breach of warranty by Badger and the defective design and manufacture of the subject water meters, the Plaintiffs have sustained damages resulting from the cost of testing, replacement and other inconvenience and damage to reputation, in an amount in excess of the minimum jurisdiction of this Court.

WHEREFORE, the Plaintiffs pray judgment of this Court as follows:

1. For a judgment against the Defendant Badger in an amount equal to the damages alleged herein; an amount in excess of the minimum jurisdictional amount of this Court.

2. For its costs herein expended, including costs and reasonable attorney's fees;

3. For trial by jury; and

4. Any and all other relief to which these Plaintiffs may appear entitled.

This 6th day of November, 2025.

COLE & MOORE, P.S.C.
921 College Street
P. O. Box 10240
Bowling Green, KY 42102-7240
(270) 782-6666

/s/ Frank Hampton Moore, Jr.
Hon. Frank Hampton Moore, Jr.
*Counsel for Plaintiff*