**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

**BOWLING GREEN DIVISION**

WARREN COUNTY WATER DISTRICT;
BUTLER COUNTY WATER SYSTEMS, INC.; and
SIMPSON COUNTY WATER DISTRICT

Plaintiffs,

v. CIVIL ACTION NO.: 1:24-CV-00109-GNS
(Removed from the Circuit Court
of Warren County, Kentucky)

BADGER METER, INC.

Defendant.

**DEFENDANT, BADGER METER, INC.'S,**
**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW the Defendant, Badger Meter, Inc. (hereinafter referred to as "Defendant" or "Badger Meter"), by counsel Robert M. Sellards, John H. Zickefoose, and the law firm of Spilman Thomas & Battle, PLLC, and hereby respectfully submits its Memorandum in Opposition to Plaintiff's Motion for Leave to File Amended Complaint as follows:

## INTRODUCTION

Plaintiffs' Motion for Leave to File Amended Complaint arises from breach of warranty and negligence claims related to water meters sold by Badger Meter to Plaintiffs based on a contract entered into by the parties in May 2013. Since that original Complaint was filed on July 22, 2024, the parties have engaged in discussions to narrow the scope of discovery to meters sold to Plaintiffs during the years 2013 through 2015. Now, more than sixteen months after filing their Complaint and six months after fact discovery closed, Plaintiffs have not only failed to participate in discovery, but

seek to amend their Complaint to include meters sold by Badger Meter to Plaintiffs during the years 2016 through 2023. Plaintiffs also seek to amend to include data that appears to be generated by testing conducted by the Plaintiffs—the results and methodology of which were never shared with Badger Meter—in an effort to justify expanding the years of sales covered by their claims.

Allowing Plaintiffs to amend their Complaint months after discovery has closed would unfairly prejudice Badger Meter. Further, the amendment is futile because the addition of the new data—a result of testing conducted solely by the Plaintiffs that they improperly characterize as discovery in their Motion for Leave to File Amended Complaint—does nothing to push their claims over the threshold of surviving a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). In addition, Plaintiffs' amendment does not relate back to the original Complaint, under Federal Rule of Civil Procedure 15(c)(1)(B), because it does not allege added events leading up to the same injury, and within the same time frame, as those alleged in the original Complaint.

Therefore, Badger meter asks that Plaintiffs' Motion for Leave to File Amended Complaint be denied.

## <u>ARGUMENT</u>

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the opposing party's written consent or the court's leave, and the court "should freely give leave when justice so requires." However, while the courts have broad discretion to grant leave to amend, a motion to amend may be denied "where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Particularly relevant here are grounds for denial based on undue prejudice to the opposing party, Badger Meter, and futility of the amendment.

**I. Allowing the Amendment would subject Badger Meter to unfair prejudice.**

A court may deny a party's motion for leave to amend a pleading when that party's delay in moving to amend prejudices the opposing party and places an unfair burden on them. *TIG Ins. Co. v. Hosp. Corp. of Am.*, No. 1:11CV-00043-JHM, 2014 WL 3118863 at * 7 (W.D. Ky. July 7, 2014) (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

Courts may find delay in cases where the amendment is proposed after discovery has closed. *Id*. at * 7. *See also*, *Sims v. Atrium Med. Corp.*, 349 F. Supp. 3d 628, 636-37 (W.D. Ky. 2018) (identifying discovery deadlines and compliance with scheduling orders as factors for determining delay); *Granite State Ins. Co. v. Star Mine Services, Inc.*, No. 4:19-CV-00184-JHM, 2020 WL 7231093 at * 2 (W.D. Ky. Dec. 8, 2020) (finding delay when defendant, moving to add a counterclaim, did not cite any information obtained in discovery that was not already in defendant's possession and moved to amend seven months after it answered the complaint).

Here, the original Complaint was filed in the Commonwealth of Kentucky Warren Circuit Court on July 22, 2024. It did not identify specific water meters as the subject of the claims, and only stated that meters were purchased through a contract entered into by the parties in May 2013. Complaint, ¶ 6 [ECF 1]. Badger Meter timely filed an Answer to the Complaint on August 15, 2024. [ECF 5].

While it is true that, as stated by Plaintiffs, the parties engaged in both settlement negotiations and discussions related to the scope of discovery, Plaintiffs are incorrect in asserting that "discovery has proceeded" and that "Discovery continues," or continued, in any meaningful way. Plaintiffs' Motion for Leave to File Amended Complaint, at 2 [ECF 22]. In fact, Badger Meter is the only party

to have served any written discovery, to which Plaintiffs have not yet responded. The fact discovery deadline set by the Scheduling Order issued October 8, 2024 passed on May 1, 2025—six months ago. [ECF 15]. It has been sixteen months since Plaintiffs filed their Complaint on July 22, 2024. Therefore, Plaintiffs have engaged in delay in moving to amend the Complaint.

Courts will find that the non-moving party is prejudiced by the delay when the movant relies on information that would not otherwise have been available to the non-moving party to amend its claims. *See Sims*, 349 F. Supp. 3d at 636-37. Delay may also prejudice the non-moving party when discovery has closed and the opportunity for exploring any new claims has passed, when the non-moving party does not have notice that new claims are likely to be added, or when the amendment adds new substantive claims or overhauls the theory of the case. *See Morse,* 290 F.3d at 801; *TIG Ins. Co.*, 2014 WL 3118863 at * 7.

Here, Plaintiffs are attempting to amend their Complaint to depart from the timeframe explored by the parties in their limited discovery discussions, as described above, and to expand the timeframe and number of meters captured by their claims. This amendment would substantially increase not only the number of years of meter sales relevant to the claims—from three to eleven years—it would also more than double the number of meters at issue, from 11,387 meters to 27,705 meters, according to the figures set forth in Plaintiffs' Motion for Leave. Plaintiffs' Motion for Leave to File Amended Complaint, at 2 [ECF 22]. The fact that discovery closed six months ago notwithstanding, expanding the claim to include additional years of sales would require both sides to expend significant additional costs to identify and test the allegedly defective meters in order to determine which meters, if any, are relevant to Plaintiffs' claims.

Badger Meter is also prejudiced by this amendment because it is based on data not made available to Badger Meter during the course of discovery. Plaintiffs simply did not participate in

discovery. While Plaintiffs appear to have independently undertaken testing of meters sold to them by Badger Meter, this independent testing cannot be described as discovery occurring between Plaintiffs and Badger Meter. Motion for Leave to File Amended Complaint, at 2; First Amended Verified Complaint, ¶ 6 [ECF 22]. The meters described in Plaintiffs' Motion for Leave remain in possession of the Plaintiffs and have not been made available to Badger Meter for testing or inspection. In addition, the methodology and results of that testing have not been shared with Badger Meter, beyond what is described in Plaintiffs' Motion for Leave, and the results of that testing have not been reviewed by Badger Meter.

Further, Plaintiffs state that "Badger has tested 422 of the Badger meters sold during the first three (3) years." Motion for Leave to File Amended Complaint, at 2 [ECF 22]. This is incorrect. Badger Meter's quality team has only tested 26 meters sent to Badger Meter from Warren County—one from the Warren County Utility District and 25 from the Warren County Water District—all of which were obtained over the course of four dates: March 27, 2020, February 3, 2021, September 1, 2022, and June 28, 2023. Those 26 meters were manufactured from 2013 to 2015.

Plaintiffs incorporate the new data gathered from their recent testing in the Proposed First Amended Verified Complaint at Paragraph 9, in which Plaintiffs describe the "routine testing" conducted starting in March 2023, and state that "21.8% of the subject Badger meters sold were inaccurately reporting the quantity of water passing through the Badger meters." First Amended Verified Complaint, ¶ 9 [ECF 22]. This averment contradicts Plaintiffs' Motion for Leave, in which Plaintiffs not only incorrectly attribute recent testing to Badger Meter, as described above, but also state that this testing occurred during "discovery," when it did not. Motion for Leave to File Amended Complaint, at 2 [ECF 22].

In summary, Badger Meter would be prejudiced by Plaintiffs' amendment to expand their breach of warranty claim because it is based on data that not only has not been made available to Badger Meter, but also has been mischaracterized in Plaintiffs' Motion for Leave to File Amended Complaint and First Amended Verified Complaint. Therefore, Plaintiffs' Motion for Leave to File Amended Complaint should be denied because Badger Meter is unfairly prejudiced by Plaintiffs' delay.

## II. The Amendment is futile and would not survive a Motion to Dismiss under Rule 12(b)(6).

An amendment is futile when it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. *Sims*, 349 F. Supp. 3d at 636 (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim becomes plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Waltenburg v. St. Jude Medical, Inc.*, 33 F. Supp. 3d 818, 822 (W.D. Ky. 2014) (quoting *Ashcroft*, 556 U.S. at 678)). If the court cannot "'infer more than the mere possibility of misconduct,' the complaint has not shown that the pleader is entitled to relief. *Id.* (quoting *Ashcroft*, 556 U.S. at 679).

### a. Plaintiffs' claim sounding in tort is barred by the economic loss doctrine.

The First Amended Verified Complaint includes only one cause of action seeking recovery in both tort and contract for "damages resulting from the cost of testing, replacement and other inconvenience and damage to reputation." First Amended Verified Complaint, ¶ 13 [ECF 22].

Regarding Plaintiffs' allegations sounding in tort, *Bowling Green Mun. Utilities v. Thomasson Lumber Co.*, 902 F. Supp. 134, 139 (W.D. Ky. 1995) is on point.

In *Bowling Green Mun. Utilities*, a municipal electric utility sued a utility pole manufacturer and pole treater, seeking recovery in tort and contract for damages to pay for identification, removal and replacement of defective poles. *Id*. at 135. In deciding a motion to dismiss, the Court held that Plaintiffs' tort claims for strict liability and negligence, to the extent they sought to recover in tort for the cost of identifying, repairing, or replacing the defective utility poles, were barred by the economic loss doctrine. *Id*. at 138-39 ("[T]his Court agrees with the Sixth Circuit, which twice has held that Kentucky would not allow recovery in tort under either theories of negligence or strict liability where the subject damage is limited to the product itself." (citing *Miller's Bottled Gas, Inc. v. Borg-Warner Corp.*, 955 F.2d 1043, 1049-50 (6th Cir. 1992); *Scott v. Stran Buildings*, 923 F.2d 855, 1991 WL 3377 (6th Cir. 1991))). The Court defined the economic loss doctrine as "'a judicially-created doctrine that bars tort claims and limits a plaintiff's recovery to those contractual remedies provided by the Uniform Commercial Code where the suit arises out of a commercial transaction and loss incurred is only to the product itself.'" *Id.* at 136 (citing *Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.* 843 F.Supp. 1027, 1049 (D.S.C. 1993)).

In coming to this conclusion, the Court characterized the transaction at issue—the purchase of electric poles by the municipal electric utility from the seller—as a commercial transaction in which "the parties were on equal footing in terms of bargaining power and sophistication." *Id*. at 138. This is analogous to the facts here, in which Plaintiffs—three municipal water districts—entered into a contract with Badger Meter for the sale of water meters. First Amended Verified Complaint, ¶ 6 [ECF 22]. They are now similarly seeking to recover purely economic losses related to the cost of testing and replacing allegedly defective water meters. First Amended

Verified Complaint, ¶ 13 [ECF 22]. Amending the original Complaint to include additional data describing the water meters at issue and expanding the claim to include sales spanning eleven years does not change these facts.

Therefore, Plaintiffs' claim, to the extent it seeks to recover in tort, would not survive a Motion to Dismiss under Rule 12(b)(6) because it is barred by the economic loss doctrine. The Motion for Leave to File Amended Complaint should be denied because the amendment is futile.

**b. Plaintiffs' claim sounding in contract fails because Plaintiffs did not plead more than a formulaic recitation of the elements of a claim for breach of warranty.**

To survive a motion to dismiss, a plaintiff must offer more than "a formulaic recitation" of the elements of a claim for breach of express warranty. *Sims*, 349 F. Supp. 3d at 643. "To plead a plausible claim for breach of express warranty, the plaintiff must prove more than there was simply a warranty." *Id*. The plaintiff must prove that the seller made an affirmation of fact or promise; that the affirmation of fact or promise related to the goods; and that it became part of the basis of the bargain between the parties. *Id*. (citing K.R.S. § 355.2-313(1)(a)). "A warranty is the basis of the bargain if it has been relied upon as one of the inducements for purchasing the product." *Id.*

Here, Plaintiffs have alleged no new facts in their First Amended Verified Complaint to justify expanding the scope of any breach of warranty claims to meters sold by Badger Meter to Plaintiffs after the year 2015, and to show that any alleged warranty or breach of warranty relates to those goods.

Plaintiffs insert "new data" not included in their original Complaint to justify expanding the scope of their claim to include meters sold through 2023. Motion for Leave to File Amended Complaint, at 2; First Amended Verified Complaint, ¶ 9 [ECF 22]. As described in detail above, the "new data" added to the First Amended Complaint alleging that "21.8% of the subject Badger meters sold were inaccurately reporting the quantity of water passing through the Badger meters"

contradicts the description of that data presented by Plaintiffs in their Motion for Leave to File Amended Complaint. In their Motion for Leave, Plaintiffs incorrectly state that "Badger has tested 422 of the Badger meters sold." As described above, this statement does not accurately represent testing conducted by Badger Meter during the course of this litigation.

Plaintiffs go on to state that this alleged testing involved "Badger meters sold during the first three (3) years, 2013-2015 and has found that 21.8% of those tested meters failed to accurately report the quantity of water passing through the meters . . . ." Motion for Leave to File Amended Complaint, at 2 [ECF 22]. Therefore, regardless of who actually conducted this alleged testing, the 21.8% figure cited by Plaintiffs in their First Amended Verified Complaint only captures some fraction of the meters allegedly tested from the years 2013-2015. It does not represent 21.8% of the water meters sold by Badger Meter to the Plaintiffs through 2023.

Therefore, because this "new data" has nothing to do to with meters sold by Badger Meter to Plaintiffs after the 2013-2015 time frame, Plaintiffs have not pled enough facts to show that any alleged breach of warranty relates to all of the goods identified in the First Amended Verified Complaint. Plaintiffs' breach of warranty claim as it pertains to water meters sold after 2015 would not survive a motion to dismiss, and the amendment is futile.

Further, "[u]nder Kentucky law, liability for breach of warranty is governed by the terms of the contract and statutory provisions of Kentucky's Uniform Commercial Code." *Mayfield Consumer Products, LLC v. Altimate Controls, LLC,* No. 5:24-CV-91-BJB, 2025 WL 2404397 at * 6 (W.D. Ky. Aug. 19, 2025) (citing *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 964 (E.D. Ky. 2019); *Waterfill v. Nat'l Molding Corp.*, 215 F. App'x 402, 405 (6th Cir. 2007)). *See also*, *Williams v. Fulmer,* 695 S.W.2d 411, 413 (Ky. 1985). Where there is no contract between the parties, the Uniform Commercial Code as adopted by Kentucky will control;

otherwise, contract liability for breach of warranty is governed by the terms of the contract. *Waterfill*, 215 F. App'x at 405; *Naiser v. Unilever U.S., Inc.*, 975 F.Supp.2d 727, 748 (W.D. Ky. 2013); *Williams*, 695 S.W.2d at 413; *Nucor Corp. v. Gen. Elec. Co.*, 812 S.W. 2d 136, 146 (Ky. 1991) ("Whether styled breach of warranty or breach of contract, the factual basis for the claim was the same."). As such, to survive a motion to dismiss, the amended breach of warranty claims sounding in contract "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sims*, 349 F. Supp. 3d at 637.

Here, Plaintiffs have not alleged sufficient facts to describe how Badger Meter allegedly breached the terms of the warranty as described in the contract. First, Plaintiffs merely state that, "pursuant to the contract and sale of goods by Badger," there existed an express warranty pertaining to "meter accuracy for a period of 15-years." First Amended Verified Complaint, ¶ 7-8 [ECF 22]. Plaintiffs go on to state that routine testing revealed that some number of the meters "were inaccurately reporting the quantity of water passing through the Badger meters." First Amended Verified Complaint, ¶ 9 [ECF 22]. Finally, Plaintiffs state that after Badger Meter was allegedly notified that some water meters malfunctioned, "Badger contended that its meters were failing to perform due to chemicals and minerals found in the water." First Amended Verified Complaint, ¶ 11 [ECF 22].

These scant allegations are not enough to allow the court to draw a reasonable inference about what misconduct Badger Meter is allegedly liable for, let alone draw a reasonable inference that Badger Meter is liable for the alleged misconduct. *See Waltenburg*, 33 F. Supp. 3d at 822. At no point do Plaintiffs reference the terms of the contract, and express warranty contained within, that Badger Meter allegedly breached. Plaintiffs never describe how Badger Meter failed to participate in any testing protocols, how Badger Meter failed to respond to notice of the allegedly

defective meters, or how Badger Meter failed to act on any opportunity to participate in any terms of the warranty as described by the contract. Without these facts, the court is presented only with "the mere possibility of misconduct." *Id*. (quoting *Ashcroft*, 556 U.S. at 679). Plaintiffs' First Amended Verified Complaint does not show that Plaintiffs are entitled to relief.

Therefore, Plaintiffs' breach of warranty claim sounding in contract would not survive a motion to dismiss, and the amendment is futile.

**III. The Amendment to expand Plaintiffs' claims to include meters sold from 2013 to 2023 should not be allowed under Federal Rule of Civil Procedure 15(c)(1)(B) because the added facts limit the claims to meters sold from 2013 to 2015, and as a result the claim does not relate back.**

Under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Courts will find that an amendment relates back when it "alleges added events leading up to the same injury," with more specificity than the original complaint, but "fit comfortably" within the allegations in the original complaint. *Miller v. Am. Heavy Lift Ship.*, 231 F.3d 242, 249 (6th Cir. 2000) (allowing amendments that alleged additional facts with more specificity that amplified the claims contained in the original complaint but did not include different operative facts). *See also*, *Garrett v. Structured Cabling Systems*, No. CIV. 10-55-DLB, 2010 WL 3862994 at * 3-6 (E.D. Ky. Sept. 28, 2010) (stating that Sixth Circuit case law and "Rule 15(c)(1)(B)'s plain language focus on the facts and events alleged in each complaint, rather than the specific legal claims or theories of liability pleaded" in deciding whether an amendment relates back)).

Plaintiffs' original complaint does not set forth any time period in which the allegedly defective water meters were sold. It merely states that the parties entered into a contract for the sale

of water meters in May 2013, and that Plaintiffs in March 2023 detected that some water meters may be malfunctioning during routine testing. Complaint ¶ 6, 9 [ECF 1].

Plaintiffs, without explanation, state in their Motion for Leave that the First Amended Verified Complaint should relate back to the original complaint. Motion for Leave to File Amended Complaint, 4 [ECF 22]. Like the plaintiffs in *Miller,* Plaintiffs here similarly attempt to plead their claims with added specificity by including the "new data" cited in Paragraph 9 of the First Amended Verified Complaint and described in Plaintiffs' Motion for Leave to File Amended Complaint at page 2. However, this data does not have the same effect as the additional facts at issue in *Miller* because it does not serve to amplify facts alleged in the original complaint concerning the same time period and the same injuries.

As described at length above, that new data—"21.8% of the subject Badger meters sold," as stated in Paragraph 9 of the First Amended Verified Complaint—represents, at best, only some fraction of water meters sold by Badger Meter from 2013 to 2015 that could be defective, according to Plaintiffs' description of the data in their Motion for Leave to File Amended Complaint at page 2. Based on Plaintiffs' own admission in their Motion for Leave, that data does not include any meters sold by Badger Meter to Plaintiffs from 2016 to 2023. However, Plaintiffs are now attempting to use that data to justify amending their Complaint to include water meters sold from 2013 to 2023, after never identifying any specific water meters that allegedly malfunctioned in their original Complaint.

If anything, this new data alleged by Plaintiffs serves to limit their claims to the time period of 2013 to 2015 because that is the time period and alleged injuries that data concerns. *See Miller,* 231 F.3d at 249. Plaintiffs have alleged no facts to describe any defects to meters sold from 2016 to 2023, and as a result have no basis for their breach of warranty or negligence claims as they relate to water meters sold during those years.

Therefore, Plaintiffs' amendment does not relate back because it does not allege added events leading up to the same injury, and within the same time frame, as those alleged in the original Complaint. If allowed at all, Plaintiffs' amended claims should be limited to water meters sold from 2013 to 2015.

**CONCLUSION**

For the foregoing reasons, Defendant, Badger Meter, Inc., respectfully requests that the Court deny Plaintiff's Motion for Leave to File Amended Complaint to expand its claims to include water meters purchased by Plaintiffs through the year 2023, and to include additional data related to those claims, and for such other relief as the Court may deem appropriate.

**RESPECTFULLY SUBMITTED,**
**BADGER METER, INC.**

By: */s/ John H. Zickefoose*
Of Counsel

Robert M. Sellards, Esquire
John H. Zickefoose, Esquire
*SPILMAN THOMAS & BATTLE, PLLC*
401 10th Street, Suite 500
Huntington, WV 25701
Tel. (304) 697-4700
Fax. (304) 697-4714
rsellards@spilmanlaw.com
jzickefoose@spilmanlaw.com
*Counsel for Defendant,*
*Badger Meter, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

**BOWLING GREEN DIVISION**

WARREN COUNTY WATER DISTRICT;
BUTLER COUNTY WATER SYSTEMS, INC.; and
SIMPSON COUNTY WATER DISTRICT

Plaintiffs,

v.

CIVIL ACTION NO.: 1:24-CV-00109-GNS
(Removed from the Circuit Court
of Warren County, Kentucky)

BADGER METER, INC.

Defendant.

**CERTIFICATE OF SERVICE**

The undersigned, counsel for Defendant hereby certifies that the foregoing "***Defendant, Badger Meter, Inc.'s, Memorandum in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint***" has this 26th day of November, 2025, been duly served upon the following counsel of record by and through the CM/ECF system:

Hon. Frank Hampton Moore, Jr.
COLE & MOORE, P.S.C.
P.O. Box 10240
Bowling Green, KY 42102-7240
*Counsel for Plaintiffs*

By: */s/ John H. Zickefoose*
Of Counsel