UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION No. 1:24-CV-00109-GNS-HBB

**WARREN COUNTY WATER DISTRICT,** *et al.*                              **PLAINTIFFS**

**VS.**

**BADGER METER, INC.**                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Warren County Water District, Butler County Water Systems, Inc. and Simpson County Water Districts' motion for leave to file an Amended Complaint, DN 22. Defendant Badger Meter, Inc. has filed a Response in opposition at DN 25 and the Plaintiffs have filed a Reply at DN 26.

## Background

The Plaintiffs initially filed this action in state court, and Defendant removed it to this Court on diversity jurisdiction (DN 1). Plaintiffs allege that they purchased water meters from the Defendant, which the Defendant warranted to be properly designed and manufactured to the specifications of the American Water Works Association and to be free from defects in design and manufacture (DN 1-1, p. 3). Plaintiff further allege that Defendants promised that the water meters would meet the standards for a period of 15 years (*Id.* at p. 4). Plaintiffs contend that the water meters did not accurately report the amount of water passing through the meters and, as a result, they sustained damages in the form of cost of testing, replacement and damage to their reputations (*Id.* at pp. 4-5). The Defendant construed Plaintiffs' Complaint as setting forth claims for product

liability, breach of warranty, breach of duty of good faith and fair dealing, and negligence (DN 1, p. 2).

## Arguments

Plaintiffs' motion to amend the Complaint states that they have conducted testing of water meters purchased from the Defendant during 2013-2015 and have identified a significant percentage that failed to accurately report the quantity of water passing through them under the American Water Works Association's standards (DN 22, p. 2). The proposed amendment to the Complaint does not add any new causes of action but does expand upon the original pleading by identifying the number of meters purchased each year beginning in 2013 thorough 2023 (DN 22-1, p. 2). The amended complaint also adds as a factual allegation that "21.8% of the subject Badger meters sold were inaccurately reporting the quantity of water passing through the Badger meters" and that the "Plaintiff also promptly provided an opportunity for testing by Badger" (*Id.* at p. 3).

The Defendant opposes the motion to amend the Complaint, contending that permitting the amendment would prejudice it (DN 25, p. 2). Defendant notes that the original Complaint simply states that the water meters were purchased under a contract entered into by the parties in May 2013 (*Id.* at pp. 1, 3). Since then, discovery, which closed six months earlier, has focused on meters sold between 2013 and 2015 (*Id.* at pp. 1, 3-4). Defendant opposes the amendment as it would "depart from the timeframe explored by the parties in their limited discovery discussions . . . and to expand the timeframe and number of meters captured by their claims" (*Id.* at p. 4). Defendant further contends that the additional data proposed to be added to the Complaint reflects Plaintiffs' testing to which the Defendant has not been privy (*Id.* at p. 4-5).

Defendant also argues that the Court should deny the request to amend the Complaint because it would be a futility, insofar as it could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (*Id.* at pp. 6-11). To the extent the amendment asserts a tort claim for negligence, the Defendant contends that portion of the claim is barred by the economic loss doctrine (*Id.* at pp. 6-8). As to Plaintiffs' claim for breach of contract, the Defendants argue that it is deficient in that the Amended Complaint only sets forth a formulaic recitation of the elements of a claim for breach, and fails to identify with specificity the contractual failures tied to the later-purchased meters (*Id.* at pp. 8-11). Finally, Defendants argue that the proposed amendments encompassing data about the later-purchased meters does not relate back to the original Complaint allegations (*Id.* at pp. 11-13).

Plaintiffs' Reply is unhelpful, in it that it only generally addresses the Defendant's contentions of prejudice, essentially arguing that the Defendant, as the seller of the meters, should have known how many were at issue (DN 26 pp. 1-3). Moreover, Plaintiffs' Reply does not address Defendant's arguments regarding futility at all.

### Discussion

A motion for leave to file an amended complaint is governed by Fed. R. Civ. P. 15(a)(2) which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court "should freely give leave when justice so requires." *Id.* However, a court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A

3

proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation modified).

      As to whether amending the Complaint imposes prejudice on the Defendant, it is far from clear that the proposed additions change the allegations. The original Complaint only provides that "[b]eginning on or about the 7th day of May, 2013, the Plaintiffs . . . contracted with Badger for the purchase of certain 5/8-inch water meters . . . ." (DN 1-1, p. 3) and that "[b]eginning on the 14th day of March, 2023, the Plaintiffs during its routine testing of its water meters began to detect that the Badger meters described herein were inaccurately reporting the quantity of water which was passing through the Badger water meters" (*Id.* at p. 4). The Complaint specifies no other dates. In the Rule 26(f) joint report of their planning and scheduling conference, the parties indicated that discovery would be needed on issues associated with "the meters sold to Plaintiffs by Defendant in May of 2013" (DN 14, pp. 1-2). Defendant states in its Response that, subsequent to the filing of the initial Complaint, "the parties have engaged in discussions to narrow the scope of discovery to meters sold to Plaintiffs during the years 2013 through 2015" (DN 25, p. 1). However, the undersigned sees nothing in the Complaint limiting the scope to those three years. The Defendant has not presented any discovery response or testimony in which Plaintiffs specified the temporal scope of the alleged defective water meters. Defendant does complain that Plaintiffs have failed to respond to discovery requests, but the time for raising that issue is long past (*See* Scheduling Order at DN 15, p. 2) ("**ALL MOTIONS PERTAINING TO FACT DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF FACT DISCOVERY**") (emphasis in original). The proposed amendment to the Complaint

identifies the numbers of water meters sold in each year between 2013 and 2023, but this is not inconsistent with the original Complaint, which only specified a beginning date without further limitation. The amendment also adds an allegation that 21.8% of the meters were inaccurate, but this is not a new claim, rather it is an elaboration on the previously alleged defective nature. In sum, the undersigned is not persuaded that the amendments to the Complaint change any previously stated claims.

Turning to the Defendant's argument that the Plaintiffs' tort claim could not withstand a motion to dismiss under Rule 12(b)(6), and would thus be a futility, the undersigned concurs. The Plaintiffs specify their damages as "the cost of testing, replacement and other inconvenience and damage to reputation" (DN 22-1, p. 4).

> The economic loss doctrine is a rule designed to prevent "the law of contract and the law of tort from dissolving one into the other." *Nami Res. Co., L.L.C. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323, 335 (Ky. 2018) (*citing Oracle USA, Inc. v. XL Glob. Servs. Inc.*, No. C 09-00537 MHP, 2009 U.S. Dist. LEXIS 59999, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009)). To that end, the economic loss doctrine "prohibits the recovery of tort damages in a breach of contract case." *Id*. A plaintiff can only recover contract based economic damages stemming from a breach of contract if "he can demonstrate harm above and beyond a broken contractual promise." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 414 (6th Cir. 2022) (citing *Nami Res. Co., L.L.C.*, 554 S.W.3d at 335). Because the economic loss doctrine prohibits tort claims identical to the underlying breach of contract claim as a matter if law, courts routinely dispose of such claims at the motion to dismiss stage. *Jones v. Lubrizol Advanced Materials, Inc.*, 559 F. Supp. 3d 569 (N.D. Ohio 2021), *on reconsideration in part*, No. 1:20-CV-00511, 2021 U.S. Dist. LEXIS 192401, 2021 WL 4582180 (N.D. Ohio Oct. 6, 2021).

*Smith v. Am. Strategic Ins. Corp.*, No. 4:24-CV-00079-RGJ, 2025 U.S. Dist. LEXIS 140900, at *19-20 (W.D. Ky. July 23, 2025). The Amended Complaint fails to differentiate any damages sustained due to the alleged tort from any damages sustained due to the alleged breach of contract, and the tort claim would be barred by the economic loss doctrine and subject to dismissal.

5

However, Defendant does not prevail on the argument that the tendered Amended Complaint is fatally deficient in the specificity of its allegations of breach of contract. In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007). While a complaint need not contain "detailed factual allegations[,]" it must, however, allege more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). A complaint has "facial plausibility" if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

"Under Kentucky law, . . . to recover in any action based on breach of a contract, a plaintiff must show the existence and the breach of a contractually imposed duty." *Lenning v. Com. Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). Thus, for Plaintiffs to prevail on their contract claim, they must show: "(1) the existence of a valid contract; (2) breach of a contract; and (3) damages or loss to [the] plaintiff." *Sudamax Industria e Comercio de Cigarros, Ltd v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007). Here, the tendered Amended Complaint alleges that the Plaintiffs contracted with the Defendant for the purchase of 5/8-inch water meters (DN 22-1, p. 2) and, as part of that agreement, the Defendant warranted that the water meters were properly designed and manufactured to the specifications of the American Water Works Association, would continue to meet those specifications for a period of 15-years, and were otherwise free from any

defects in design and manufacture (*Id.* at p. 3). The tendered Amended Complaint also alleges that the water meters malfunctioned and did not accurately report the quantity of water consumption and that the Plaintiffs sustained financial loss as a consequence (*Id.* at p. 3-4). The undersigned concludes that the tendered Amended Complaint sets forth a claim for breach of contract with sufficient specificity so as to survive a motion to dismiss on that ground.

Defendant's argument that the Amended Complaint would be subject to dismissal because the allegations do not "relate back" to the original complaint under Fed. R. Civ. P. 15(c)(1)(B) is inapplicable. The Rule provides that an amendment to a Complaint "relates back to the date of the original pleading" when either (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the same conduct, transaction or occurrence set out in the original pleading; or (C) the amendment changes the party, and the new party was on notice of the pendency of the action. Fed. R. Civ. P. 15(c)(1)(A)-(C). All of this is directed, however, to the question of whether a proposed amendment to a complaint may otherwise be barred by a statute of limitations.

> The rule is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading. Thus, the rule states that amendments meeting this standard relate back to the date of the initial pleading.

*Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999). It appears the Plaintiffs' claims would be subject to a fifteen-year statute of limitations pursuant to KRS § 413.090(2) and, thus, there is no need for any of the allegations in the tendered Amended Complaint to relate back so as to not be barred by statute of limitations.

7

**WHEREFORE**, the Plaintiffs' motion to amend the Complaint is **GRANTED IN PART** and **DENIED IN PART**. It is **DENIED** insofar as it asserts tort claims but is otherwise **GRANTED**. The parties are directed to contact the Court to schedule a telephonic status conference.

December 16, 2025

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to: Counsel of Record